IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISON

| | | |
|---|---|---|
| John Doe. | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | FILE NO. |
| | ) | |
| DELTA AIRLINES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, John Doe and states as follows:

## GENERAL ALLEGATIONS

1.

John Doe is a citizen of the United States of America, domiciled in the United Kingdom currently.

2.

Defendant Delta Airlines, Inc. ("Delta") is a Delaware corporation with its principal place of business located in the State of Georgia, and may be served with process at its registered agent for service of process, Corporation Service Technology, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

3.

A portion of this action shall be governed in part by the Montreal

Convention of 1999:  Convention of the Unification of Certain Rules of

International Carriage by Air, S. Treaty Doc. No. 106-45, ("Montreal

Convention") which dictates generally that an air carrier is liable for the death,

wounding, or other bodily injuries sustained by each of its passengers in

"international travel."

4.

Jurisdiction over this claim and Defendant Delta, exists, <u>inter alia</u>, pursuant

to Article 33 of the Montreal Convention adhered to by 28 U.S.C. § 1331, as this

is an action for damages resulting from an injury to a Delta passenger aboard a

commercial aircraft during an international flight, and 28 U.S.C. § 1332 as the

parties are citizens of different states.

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) as the

Defendant has its principal place of business in this judicial district as defined by

28 U.S.C. § 1391(c)(2), and pursuant to Article 33 of the Montreal Convention.

6.

At all times herein mentioned, Defendant Delta was and is a common

carrier engaged in the business of transporting passengers for hire by air and through its servants, agents, employees, and as such it owned or leased, operated, maintained and controlled an aircraft, which was operated as Delta Flight No. 33 from London Heathrow International Airport at 3:25pm, July 11, 2017, with a stop in Atlanta Hartsfield International Airport at 8:02pm, and final destination of Miami, Florida (the "Subject Flight").

## COUNT I – STRICT LIABILITY

7.

On July 11, 2017, Plaintiff was a fare paying passenger5 pursuant to a ticket that provided for travel on Delta flights from London, England, United Kingdom, to Atlanta-Hartsfield International Airport in Atlanta, Georgia, United States, and then from Atlanta-Hartsfield to Miami, Florida.

8.

On the initial leg of the Subject Flight, from Heathrow to Atlanta, Plaintiff boarded a Delta aircraft at Heathrow International Airport in London, England, found his seat (21G), and settled into his passenger space while waiting for the other passengers to board.

9.

After take-off and within the first hour and a half of the Subject Flight,

Plaintiff ordered and consumed a meal provided by the Subject Flight crew.

Within three (3) hours following his consumption of the in-flight meal, Plaintiff

suffered a violent and emotionally distressing case of severe food-poisoning,

resulting in immediate symptoms of vomiting (emesis), diarrhea, chills, from

which he collapsed in the aisle of the aircraft during the episode as he attempted

to get to the lavatory.

10.

After being attended to by the Subject Flight crew members, he was helped

off of the aircraft in Atlanta and eventually went to an urgent care medical

facility for treatment. Delta employees had to help him walk to deboard the

aircraft, but in the process, the flight and ground crew members failed to

communicate clearly where an ambulance could be accessed, using industry

jargon in reference to emergency assistance options and generally treating

Plaintiff's condition inappropriately skeptically.  Plaintiff was unable to arrive in

Miami to work on the business project for which he had been engaged and was

traveling, losing the business project and the revenue that would have resulted of

$40,000.00.

11.

Finally, Plaintiff's luggage was not removed properly from the Subject

Flight aircraft, and he did not receive it back for in excess of two weeks.  Upon

receiving his luggage, Plaintiff found that over $25,000.00 is specialized anti-retroviral medication was missing.  Delta did not deny knowledge of the missing cargo from inside the luggage but left the missing items unexplained.

12.

As a result of the foregoing allegations, Plaintiff suffered bodily injury and damages of a personal and pecuniary nature, including, but not limited to, medical expenses, physical pain, emotional suffering, disability, and loss of a normal life.  These losses have been incurred in the past and will be incurred in the future.

13.

Pursuant to the Montreal Convention, Article 17(1), as well as Delta's Contract of Carriage for International Passengers, Delta is liable for damages sustained by the Plaintiff because the incident which caused the injuries described above constitutes an "accident" as provided by the Montreal Convention, which took place on board Delta's aircraft during an international flight.

## COUNT II - NEGLIGENCE

14.

The Plaintiff hereby adopts and incorporates by reference in this Count II the allegations in paragraphs 1 through 14 above.

15.

Delta, as a carrier of passengers, is bound by law to exercise the highest degree of care, foresight, prudence and extraordinary diligence to protect the lives of persons of its passengers.  Delta was negligent in exercising its duty to Plaintiff, and said negligence was the proximate case of his injuries.

16.

On information and belief, Defendant Delta had actual and/or constructive notice of the dangers posed to passengers resulting from incidents of the type that injured Plaintiff, but failed to take appropriate action to prevent or warn of such incidents.

17.

As a direct and proximate result of Delta's negligence, Plaintiff suffered bodily injury and damages of a personal and pecuniary nature, including, but not limited to medical expenses, physical pain, emotional suffering, disability, and loss of normal life.  These losses have been incurred in the past and will be

incurred in the future.

## COUNT III – BREACH OF CONTRACT

18.

The Plaintiff hereby adopts and incorporates by reference in this Count III the allegations contained in paragraphs 1 through 17 above.

19.

Delta agreed through its Contract of Carriage for International Passengers and otherwise to provide Plaintiff with safe travel, including aboard the aircraft that was employed for the Subject Flight.

20.

As part of that agreement, Defendant Delta promised, warranted and represented that each flight segment would be conducted in a safe and proper fashion, and that Delta personnel would be properly trained in operating equipment aboard the aircraft, including service carts, in such a manner that would be safe and fit for the purposes to which they were put.

21.

That agreement was evidenced by writings and implied by law in fact, and was breached by Delta, causing damage to Plaintiff.

22.

Plaintiff paid viable consideration, and fully performed his obligations, or is otherwise excused from performance.

23.

Plaintiff's damages resulting from this breach include economic and non-economic damages, and other losses previously alleged in this Complaint.

WHEREFORE, plaintiff demands judgment against defendant Delta and:

1.   That this Complaint be filed and served as provided by law.

2.   That Plaintiff have a jury trial as to all matters properly considered by a jury.

3.   That Plaintiff be awarded damages from Defendant for his injuries, including, but not limited to, pain and suffering, emotional distress, and other damages in an amount to be determined by a jury, and past and future medical bills in an amount no less than $186,000.

4.   That Plaintiff be awarded damages from Defendant for breach of contract and pursuant to Delta's Contract of Carriage for International Passengers.

5.   That all costs of this action be cast up on Defendant.

6.   That Plaintiff receives such other and further relief as the Court deems

just and proper.

/S/ John T. Dixon
John T. Dixon, Esq.,
GEORGIA BAR No: 223374
Dixon Law LLC
1175 Peachtree Street NE
10th Floor
Office: (404) 583-1367
Fax: (678) 302-0537
John.dixon@dixonlawatl.com

Dated: July 10, 2019.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISON

John Doe.                              )
                                       )
        Plaintiff,                     )        CIVIL ACTION
                                       )
v.                                     )        FILE NO.
                                       )
DELTA AIRLINES, INC.                   )
                                       )
        Defendant.                     )

## L.R. 7.1(D) CERTIFICATE OF FONT COMPLIANCE

I hereby certify that the foregoing has been prepared with one of the

approved fonts and point selections approved by the Court in 5.1(C) of the Civil

Rules of Practice for the United States District Court of the Northern District of

Georgia, specifically, Times New Roman 14 pt.


Submitted- July 10, 2019

                                    By: /s/ John T. Dixon
                                    John T. Dixon, Esq.
                                    Georgia Bar No:. 223374
                                    Attorney for Plaintiff,
                                    John Doe