IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISON

| | | |
|---|---|---|
| John Doe. | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | FILE NO. |
| | ) | |
| DELTA AIRLINES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM

NOW COMES Plaintiff, JOHN DOE, by and through his attorney, DIXON LAW LLC, and hereby moves this Honorable Court to enter an order allowing Plaintiff to proceed anonymously in this matter.  Plaintiff relies on the facts and law cited in her accompanying brief in support of this motion.

Plaintiff JOHN DOE John Doe is a citizen of the United States of America, domiciled in the United Kingdom currently, and is a prominent music producer with international clients on multiple continents.

Plaintiff moves to proceed under pseudonym in this case in order to limit avoid harm that could be caused to him as a result of the subject of this litigation. The litigation will involve the disclosure stigmatizing personal medical information and status relating to the impact of the bodily and emotional injuries and related pain and suffering Plaintiff suffered as a result of Defendant's actions.  Plaintiff

1

further relies on the argument and facts stated in his Supporting Brief filed here with.

/S/ John T. Dixon\_
John T. Dixon, Esq.,
GEORGIA BAR No: 223374
Dixon Law LLC
1175 Peachtree Street NE
10th Floor
Office: (404) 583-1367
Fax: (678) 302-0537
John.dixon@dixonlawatl.com

Dated:  July 10, 2019.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVSON

| | | |
|---|---|---|
| John Doe. | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | FILE NO. |
| | ) | |
| DELTA AIRLINES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO
PROCEED UNDER A PSEUDONYM**

COMES NOW Plaintiff John Doe and submits this Brief in Support of his Motion to Proceed under Pseudonym.

**FACTUAL BACKGROUND**

John Doe is a citizen of the United States of America, domiciled in the United Kingdom currently.  Defendant Delta Airlines, Inc. ("Delta") is a Delaware corporation with its principal place of business located in the State of Georgia, and may be served with process at its registered agent for service of process, Corporation Service Technology, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

Plaintiff brings this action for bodily injury and related pain and suffering related to an Accident under the Montreal Convention of 1999:  Convention of the

3

Unification of Certain Rules of International Carriage by Air, S. Treaty Doc. No. 106-45, ("Montreal Convention") which dictates generally that an air carrier is liable for the death, wounding, or other bodily injuries sustained by each of its passengers in "international travel."

On July 11, 2017, Plaintiff was a fare paying passenger5 pursuant to a ticket that provided for travel on Delta flights from London, England, United Kingdom, to Atlanta-Hartsfield International Airport in Atlanta, Georgia, United States, and then from Atlanta-Hartsfield to Miami, Florida. On the initial leg of the Subject Flight, from Heathrow to Atlanta, Plaintiff boarded a Delta aircraft at Heathrow International Airport in London, England, found his seat (21G), and settled into his passenger space while waiting for the other passengers to board.

After take-off and within the first hour and a half of the Subject Flight, Plaintiff ordered and consumed a meal provided by the Subject Flight crew. Within three (3) hours following his consumption of the in-flight meal, Plaintiff suffered a violent and emotionally distressing case of severe food-poisoning, resulting in immediate symptoms of vomiting (emesis), diarrhea, chills, from which he collapsed in the aisle of the aircraft during the episode as he attempted to get to the lavatory.

After being attended to by the Subject Flight crew members, he was helped off of the aircraft in Atlanta and eventually went to an urgent care medical facility

for treatment. Delta employees had to help him walk to deboard the aircraft, but in the process, the flight and ground crew members failed to communicate clearly where an ambulance could be accessed, using industry jargon in reference to emergency assistance options and generally treating Plaintiff's condition inappropriately skeptically.

Finally, Plaintiff's luggage was not removed properly from the Subject Flight aircraft, and he did not receive it back for in excess of two weeks.  Upon receiving his luggage, Plaintiff found that over $25,000.00 is specialized anti-retroviral medication was missing.  Delta did not deny knowledge of the missing cargo from inside the luggage but left the missing items unexplained.  It is the resulting harm caused to Plaintiff related to these facts, and Plaintiff's related stigmatizing medical condition requiring the above-mentioned medication that, when combined with the public figure status of Plaintiff's clients and his work for them, necessitates that Plaintiff proceed in this action anonymously in order to avoid irreparable harm personally and professionally.

## ARGUMENT

Federal Rule of Civil Procedure 10(a) requires a plaintiff to disclose his or her name in the complaint.  Fed. R. Civ. P. 10(a).  However, courts permit plaintiffs to proceed pseudonymously under limited circumstances.  The Eleventh Circuit has identified several factors for district courts to consider in determining

whether a party should be permitted to proceed anonymously, including: (1) whether the party challenges governmental activity, (2) whether the party will be required to disclose information of the utmost intimacy," (3) whether the party will be coerced into admitting illegal conduct or the intent to commit illegal conduct, there risking criminal prosecution, (4) whether the party is a minor, (5) whether the party will be exposed to physical violence should he or she proceed in their own name, and (6) whether proceeding anonymously "pose[s] a unique threat of unfairness to the defendant. *See Doe v. Swearingen*, 2019 U.S. Dist. LEXIS 622, pg. 3, quoting *Plaintiff B v. Francis*, 361 F.3d 1310, 1316 (11th Circ. 2011).

Pseudonymous status is warranted in this case because the litigation will involve disclosure of a stigmatizing medical condition of the utmost intimacy under factor two above, which would cause Plaintiff both significant professional harm and personal harm if he were required to proceed in his own name. In addition, because Plaintiff's music production career requires him to travel to numerous countries which are known to be socially intolerant to his particular medical condition, Plaintiff could also be subject to physical violence in such countries should he be required to proceed in his own name.

Finally, Plaintiff knows of no factor that would pose a unique threat of unfairness to the defendant by allowing Plaintiff to proceed anonymously. In addition, disclosure of Plaintiff's name will subject her to risk of retaliatory harm.

6

/S/ John T. Dixon  
John T. Dixon, Esq.,  
GEORGIA BAR No: 223374  
Dixon Law LLC  
1175 Peachtree Street NE  
10th Floor  
Office: (404) 583-1367  
Fax: (678) 302-0537  
John.dixon@dixonlawatl.com  

Dated:  July 10, 2019.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISON

| | | |
|---|---|---|
| John Doe. | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vi. | ) | FILE NO. |
| | ) | |
| DELTA AIRLINES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## **L.R. 7.1(D) CERTIFICATE OF FONT COMPLIANCE**

I hereby certify that the foregoing has been prepared with one of the approved fonts and point selections approved by the Court in 5.1(C) of the Civil Rules of Practice for the United States District Court of the Northern District of Georgia, specifically, Times New Roman 14 pt.

Submitted- July 10, 2019

By: /s/ John T. Dixon
John T. Dixon, Esq.
Georgia Bar No:. 223374
Attorney for Plaintiff,
John Doe